IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHERIESE KIDDIE                                                                                           PLAINTIFF

V.                                        NO.  13-3030

JOHNNIE COPELAND as
TTEE and Individually,
FRANCIE A. KIDDIE,
KIPP WOODBURY                                                                                       DEFENDANT

O R D E R

Before the Court is the Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Motion for Service (ECF No. 2) and Motion to Appoint Counsel (ECF No. 2) filed February 26, 2013.

The court has reviewed the IFP application and finds that the Motion to Proceed IFP (ECF. No. 2) **is GRANTED.**

The Motion for Service (ECF No. 2) is **GRANTED.**

The Court hereby directs the United States Marshal to serve the Defendants as follows:

Johnnie Copeland at TTEE and Individually
Ethredge & Copeland
119 East 6th Street
Mountain Home, AR  72653

Francie A. Kiddie
1505 Regatta Rd
Laguna beach, CA  92651

Kipp Woodbury
433 Lovann
Mountain Home, AR  72653

The Supreme Court has held that 28 U.S.C. § 1915(d) (1988) does not authorize a federal court to require an attorney to represent an indigent party in a case in federal court. *Mallard v.*

*United States Dist. Court*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). The majority of cases in which this Court appoints an attorney to represent an indigent litigant in a civil case are prisoner civil rights cases. *O'Connor v. Jones* 946 F.2d 1395, 1398 (C.A.8 (Mo.),1991)

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dep't of Corrections*, 52 F.3d 777, 780 (8th Cir.1995). The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim. *Swope*, 73 F.3d at 852; *In re Lane*, 801 F.2d 1040, 1043-44 (8th Cir.1986).

The Plaintiff in this case indicates that she owned and operated a "successful computer technology business" in California. She has articulated her claim in her complaint and appears to be able to adequately represent herself. The Plaintiff has not establish any reason for the court to appoint counsel and the Motion to Appoint Counsel (ECF No. 3) is **DENIED.**

IT IS SO ORDERED this April 29, 2013.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
Chief United States Magistrate Judge

+