IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHERIESE KIDDIE                                                                                          PLAINTIFF

v.                                       No. 3:13-CV-03030

JOHNNIE COPELAND; FRANCIE A. KIDDIE;
and KIPP WOODBURY                                                                                 DEFENDANTS

**OPINION AND ORDER**

Currently before the Court are Defendants' two motions to dismiss (Docs. 13 and 15) and brief in support (Doc. 14), as well as Plaintiff Cheriese Kiddie's response (Doc. 18). The two motions to dismiss appear to be redundant. Therefore, the Court finds that the first motion to dismiss (Doc. 13) should be TERMINATED AS MOOT in light of the filing of the second motion to dismiss.

In ruling on a motion to dismiss, the Court accepts as true all of the factual allegations contained in a complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009). "Though pro se complaints are to be construed liberally, they must still allege sufficient facts to support the claims advanced." *Stone*

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citation omitted).  When asserting a claim, "even pro se litigants must set it forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."  *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981).

Having reviewed the parties' filings and the record as a whole, the only potentially cognizable claim the Court can discern from Plaintiff's pleading at this juncture is a fraud claim stemming from Plaintiff's allegations that Defendants somehow fraudulently transferred, and/or conspired to fraudulently transfer, assets from an irrevocable trust, of which Plaintiff was the sole beneficiary.  Plaintiff claims that there are trust documents evidencing that her grandfather, George B. Woodbury, transferred certain real property owned by him into an irrevocable trust for Plaintiff's benefit.  Although the complaint states that Plaintiff was named the sole beneficiary after her grandfather's death, in her response to Defendants' motion to dismiss, Plaintiff states that she was to become the beneficiary of the trust once her grandfather was simply no longer in his home.  Furthermore, Plaintiff asserts that, although she does not have copies of the relevant trust documents, Defendant Johnnie Copeland does.

Because at this juncture the Court must accept Plaintiff's factual allegations as true, the Court finds that Plaintiff has stated a cognizable claim for fraud and, to the extent a civil conspiracy claim may be recognized under Arkansas law, conspiracy to commit fraud.  IT IS THEREFORE ORDERED that Defendants' second motion to dismiss (Doc. 15) is DENIED.

IT IS FURTHER ORDERED that, in order to expedite resolution of this matter, Defendants file with the Court any trust documents in their possession relevant to the claims in this case, including, but not limited to, any documents showing that Plaintiff was made the beneficiary of any trust that held assets belonging to George B. Woodbury in any capacity and/or showing that the

assets Plaintiff claims should have been transferred to her were legally transferred to another person, trust, or entity. In addition, each Defendant should then file a sworn affidavit attesting to the authenticity of the documents; averring that, to his or her knowledge, he or she is not in possession of any other document that would be relevant to Plaintiff's assertions that documents exist showing that George B. Woodbury transferred assets into a trust for the benefit of Plaintiff at any time from 2007 until Mr. Woodbury's death; and setting forth whether the Defendant knows of the existence, either past or present, of any other relevant documents.

Such documents should be filed by Monday, February 24, 2014.

If either party feels that summary judgment would be appropriate based on any documents filed by Defendants, an appropriate motion should be filed by Friday, March 7, 2014. If no motion is filed, an amended initial scheduling order will be entered, and this litigation will proceed accordingly.

IT IS SO ORDERED this 24th day of January, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE