IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHERIESE KIDDIE                                                                                      PLAINTIFF

v.                                          No. 3:13-CV-03030

JOHNNIE COPELAND; FRANCIE A. KIDDIE;
and KIPP WOODBURY                                                                            DEFENDANTS

## OPINION AND ORDER

Currently before the Court are motions for summary judgment filed by both Plaintiff Cheriese Kiddie (Doc. 31) and Defendants Johnnie Copeland, Francie A. Kiddie, and Kipp Woodbury (Doc. 32). Also before the Court is Ms. Kiddie's motion to amend her complaint (Doc. 39).

On January 24, 2014, the Court entered an order denying Defendants' motion to dismiss and directing Defendants to provide Ms. Kiddie with documentation relevant to her claims. (Doc. 22). The Court also directed the parties that "[i]f either party feels that summary judgment would be *appropriate* based on any documents filed by Defendants, an *appropriate motion* should be filed by Friday, March 7, 2014." *Id*. at p. 3 (emphasis added). Both parties filed motions for summary judgment on March 7, 2014.

As to Ms. Kiddie's motion for summary judgment, the Court recognizes that Ms. Kiddie is proceeding pro se and with limited resources at her disposal. The Court appreciates Ms. Kiddie's efforts in litigating her case and in arguing for summary judgment. The Court cannot say the same for the efforts of the defense. Defendants did not even respond to Ms. Kiddie's motion. Pursuant to Local Rule 56.1(c) the Court may therefore deem admitted any material facts set forth in Ms. Kiddie's statement of facts (Doc. 35) filed in support of her motion. Nonetheless, the Court cannot

find that Ms. Kiddie's motion for summary judgment should be granted. Although the Court has attempted to weed through the facts of this case and ascertain the applicable law, too much about this case remains unclear. Much of Ms. Kiddie's motion relies on speculation as to Defendants' actions. The Court had hoped that Defendants would cooperate with Ms. Kiddie and that the production of relevant documents by Defendants would clarify things to the point that the parties could reach an agreement as to what needed to be done. The Court's hope for cooperation was apparently overly optimistic. At this point, it appears that the case must proceed to discovery in order to determine what the relevant facts actually are. Because genuine disputes of material fact remain, Ms. Kiddie's motion for summary judgment must be denied.

Defendants also filed a motion for summary judgment. (Doc. 32). While the Court directed the parties to file *appropriate* motions for summary judgment by March 7, if they so desired, Defendants' motion was neither procedurally nor substantively proper. Local Rule 7.2(a) requires that motions for summary judgment be "accompanied by a brief consisting of a concise statement of relevant facts and *applicable law*." Neither Defendants' motion nor their brief contained a single citation to applicable law. The Court will not do Defendants' research for them. Local Rule 56.1(a) requires a party moving for summary judgment to annex to the motion a "separate, short and concise statement of the material facts to which it contends there is no genuine dispute to be tried." Defendants filed no statement of facts. In support of their motion, Defendants attached an exhibit that contained only portions of the trust document upon which their argument rests. If Defendants would like the Court to consider a document as support for dismissing Ms. Kiddie's claims on their merits, they should attach the complete document for consideration. The Court will not consider portions of a larger agreement out of context. Defendants' motion was also woefully lacking in

substance.  For the above reasons, and because the Court has already found that genuine disputes of material fact remain, the Court finds that Defendants' motion for summary judgment must be denied. Defendants are cautioned to comply with Local and Federal Rules in litigating this case in the future. Any future filings lacking in substance may be considered frivolous and may not be considered by the Court.

As to Ms. Kiddie's motion to amend her complaint, Defendants have failed to file any response in opposition, and the Court is mindful that it "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  As a result of the Court's earlier order, Defendants provided Ms. Kiddie with documentation relevant to her claims.  Ms. Kiddie moves to amend based on information she learned from those documents.  The Court finds that leave to amend should be granted.

For the reasons set forth above IT IS ORDERED that Plaintiff's motion for summary judgment (Doc. 31) is DENIED.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (Doc. 32) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to amend complaint (Doc. 39) is GRANTED.  Ms. Kiddie is directed to file her amended complaint by Friday, September 26.  If Ms. Kiddie is requesting the Court to serve Defendants, she should attach a request to her amended complaint with contact information for each additional Defendant.  Defendants who have already appeared in this case will be served by serving their attorney of record at the address on record with the Court.  An amended initial scheduling order will be issued once a response to the amended complaint has been filed by any Defendant.

IT IS SO ORDERED this 12th day of September, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE