IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHERIESE KIDDIE                                                                                                PLAINTIFF

v.                                          Case No. 3:13-CV-03030

JOHNNIE COPELAND; FRANCIE A. KIDDIE;
KIPP WOODBURY; MERIDEE KAISER; and
INTEGRITY FIRST BANK                                                                                  DEFENDANTS

## O R D E R

Currently before the Court are Defendant Integrity First Bank's ("IFB") motion for summary judgment (Doc. 67), brief in support (Doc. 69), and statement of facts in support (Doc. 68). The response period has passed with no response having been filed by Plaintiff Cheriese Kiddie.[1]

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87; *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th

---

[1] Ms. Kiddie did communicate with the Court, in a letter attached to an email, that she is not opposed to dismissal of her claims against IFB. While the Court previously ordered (Doc. 72) that Ms. Kiddie could be served electronically, that order did not allow Ms. Kiddie to electronically file documents, and the email and attached letter are not a part of the record in this case. While the Court acknowledges that Ms. Kiddie has no objection to the Court dismissing her claims against IFB, the Court did not consider Ms. Kiddie's ex parte communication further. Future email communications should be limited to procedural inquiries or brief notifications that a party does not plan to oppose a motion. Emails should be copied to all attorneys of record.

Cir. 1998) *(*citing *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983)). When the moving party has carried its burden under Rule 56(c), the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) *(*quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986))*.*

In her amended complaint (Doc. 41), Ms. Kiddie brings claims against IFB in its capacity as the named Trustee in the Declaration of Trust of George B. And Carolyn K. Woodbury dated October 3, 1978 ("the 1978 Trust") and the George B. Woodbury Revocable Living Trust dated November 23, 2010 ("the 2010 Trust"). Ms. Kiddie asks that IFB be directed to probate her grandfather, Mr. Woodbury's, will and account for his assets and liabilities; that all Defendants, including IFB, be directed to produce any prior will they possess or can locate; and that IFB be directed to undertake the position of Trustee and account for its assets and liabilities. In short, Ms Kiddie's claims against IFB are premised on IFB acting as Trustee of one or both of the 1978 Trust and the 2010 Trust.

Under Arkansas law, a person does not become trustee of a trust solely by virtue of being named in a trust document. Rather, "a person designated as trustee accepts the trusteeship (1) by substantially complying with a method of acceptance provided in the terms of the trust; or (2) . . . by accepting delivery of the trust property, exercising powers or performing duties as trustee, or otherwise indicating acceptance of the trusteeship." Ark. Code Ann. § 28-73-701(a). Furthermore, "[a] person designated as trustee who has not yet accepted the trusteeship may reject the trusteeship.

A designated trustee who does not accept the trusteeship within a reasonable time after knowing of the designation is deemed to have rejected the trusteeship." *Id*. at § 28-73-701(b).

IFB asserts that is has not accepted the Trusteeship of either the 1978 Trust or the 2010 Trust; that it does not have possession of any original wills of Mr. Woodbury; and that it has no knowledge of or access to any assets or liabilities of Mr. Woodbury. Ms. Kiddie does not dispute these assertions, and does not come forward with any specific facts to show that there remains a genuine issue for trial as to IFB. The Court finds, therefore, that summary judgment should be granted in favor of IFB.

IT IS THEREFORE ORDERED, that Defendant IFB's motion for summary judgment (Doc. 67) is GRANTED, and Plaintiff's claims against IFB are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 5th day of May, 2015.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE