IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHERIESE KIDDIE                                                                                          PLAINTIFF

v.                                              No. 3:13-CV-03030

JOHNNIE COPELAND; FRANCIE A. KIDDIE;
KIPP WOODBURY; and MERIDEE KAISER                                             DEFENDANTS

**OPINION AND ORDER**

Currently before the Court and ripe for consideration are a second motion for summary judgment by Defendants Johnnie Copeland, Francie A. Kiddie, and Kipp Woodbury ("the represented Defendants") (Doc. 100); Plaintiff Cheriese Kiddie's *pro se*[1] motion "to either declare trust invalid or responsible for decedent's personal debts or else to stay proceeding while estate is either probated or administered" (Doc. 104); Plaintiff's *pro se* motion to strike (Doc. 109); Plaintiff's motion to amend complaint (Doc. 121); Plaintiff's motion for issuance of subpoenas and for continuance (Doc. 122); Plaintiff's third motion to compel (Doc. 123); and Plaintiff's application to adjourn trial date (Doc. 124). The Court will address each motion in turn.

**I.      The represented Defendants' second motion for summary judgment (Doc. 100)**

The represented Defendants filed their second motion for summary judgment on November 3, 2015. Counsel for those Defendants, Kerry Chism, failed to serve the motion on either Plaintiff or *pro se* Defendant Meridee Kaiser, despite the Court's prior admonition and clear directives to ensure appropriate service of all documents to Plaintiff. (Doc. 65, p. 3 ("Mr. Chism is cautioned .

---

[1] Attorney Bradley Davis entered his appearance on behalf of Plaintiff on January 19, 2016. In that same filing, Mr. Davis advised that Plaintiff wanted her then-pending *pro se* motions to remain pending for the Court's consideration.

. . to ensure that all future filings are properly and timely served.")); (Doc. 72, pp. 1-2 ("<u>The Court will therefore order and direct that all Defendants serve Ms. Kiddie with any and all documents filed in this case by sending Ms. Kiddie a pdf file of the document via email to cheriese3@yahoo.com.</u>")). The Court could have denied the motion on this basis alone, but instead allowed Plaintiff time to respond to the motion after having been apprised of its existence. (Doc. 114). The represented Defendants did not file a reply. Having reviewed the motion, supporting documents, and Plaintiff's response and supporting documents, the Court finds that the motion suffers from fatal deficiencies requiring its denial.

First, the motion is, at most, a motion for partial summary judgment, as it contains argument only as to Plaintiff's claims that the November 23, 2010 Trust document at issue in this case and/or the December amendment thereto are invalid for any number of reasons. The represented Defendants' argument that summary judgment is appropriate on this issue rests on supporting affidavits of lay persons who state no opinion that would be determinative of whether George Woodbury was competent to sign the documents at issue or was acting under duress at the time. Furthermore, many of the affidavits are signed by interested parties whose credibility could certainly be questioned and whose statements are in direct conflict with those of Plaintiff.[2] In any event, Defendants have not established the absence of a genuine issue of material fact as to the validity of either the November 2010 Trust or its December amendments, and summary judgment as to the

---

[2] The Court also has some doubts as to the technical validity of certain affidavits. As pointed out by Plaintiff's counsel, the affidavits were notarized by defense counsel in Arkansas, including that of Defendant Frances Kiddie, who resides in California. The implication that Frances Kiddie signed her affidavit in Arkansas where it was witnessed by Mr. Chism is questionable. The represented Defendants did not file a reply in support of their motion and therefore did not respond to any of the issues raised in Plaintiff's response.

validity of those documents is therefore improper at this time.

Second, because the represented Defendants have still failed to fully comply with Plaintiff's discovery requests, discovery in this matter is ongoing. The represented Defendants' motion is therefore premature and is alternatively denied pursuant to Federal Rule of Civil Procedure 56(d).

II. **Plaintiff Cheriese Kiddie's *pro se* motion "to either declare trust invalid or responsible for decedent's personal debts or else to stay proceeding while estate is either probated or administered" (Doc. 104)**

In this motion, Plaintiff seeks to have the Court "either: A: Declare that the George B. Woodbury Trust of November 23, 2010, either is invalid, or is liable for the personal debt of George B. Woodbury to Plaintiff; or B. Stay this proceeding pending the appointment of an Administrator or Executor of the Estate of George B. Woodbury." (Doc. 104, p. 1). In essence, Plaintiff seeks a judgment as a matter of law of certain claims that she has propounded (the invalidity of the November 23, 2010, trust) and/or findings that would require the Court to make legal conclusions on issues that have not been adequately briefed at this point (whether the existing trust, if valid, should be liable to Plaintiff for alleged personal debts owed to her by George B. Woodbury; and, if not, whether Mr. Woodbury's estate should be probated). Because Ms. Kiddie's motion is akin to a motion for partial summary judgment, and because the Court finds that there are issues of material fact remaining to be adjudicated as to the claims raised in Ms. Kiddie's motion, the Court finds that the motion should be DENIED. The denial, however, will be without prejudice to Ms. Kiddie's ability to refile a motion for summary judgment on any or all of her claims.

III. **Plaintiff's *pro se* motion to strike (Doc. 109)**

Plaintiff moves the Court to strike the represented Defendants' response to her motion to declare trust invalid, arguing that she was never served with the response. The Court has already

noted Mr. Chism's failure to properly serve Plaintiff with documents in this case, and Mr. Chism will be ordered to show cause as to why he should not be sanctioned for his failures to serve Plaintiff as directed and required. Furthermore, the represented Defendants' response to Plaintiff's motion was entirely unhelpful, as it was filled with conclusory denials with no accompanying explanation, analysis, or factual support. However, striking the filing is not an appropriate remedy. Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The represented Defendants' response to Plaintiff's motion is not a pleading, and striking the filing is therefore not procedurally appropriate. Instead, the Court simply did not consider the response to the extent that the information or statements contained therein were unsupported. <u>Mr. Chism is directed to ensure that future responses to motions must be supported, legally and factually, in order to be considered by the Court</u>. Plaintiff's motion to strike, however, is DENIED.

In the alternative, Plaintiff requested an opportunity to file a reply to the represented Defendants' response. The Court notes that Plaintiff subsequently filed a reply (Doc. 111) which was considered by the Court.

### IV.     Plaintiff's motion to amend complaint (Doc. 121)

Plaintiff filed this motion on March 8, 2016. No response has been filed by Defendants. Federal Rule of Civil Procedure 15(a)(2) allows for a party to seek leave of Court to amend a complaint, and that "[t]he court should freely give leave when justice so requires." Having considered the circumstances of this case and the pending motions, the Court finds that Plaintiff's motion to amend her complaint should be GRANTED.

### V.      Plaintiff's motion for issuance of subpoenas and for continuance (Doc. 122)

Plaintiff requests issuance of subpoenas for George B. Woodbury's medical records as well as for the files of Mr. Woodbury's former attorney, Frederick Spencer. Defendants have not filed any response in opposition to the issuance of the subpoenas, and the issuance of subpoenas in this matter is otherwise appropriate pursuant to Federal Rule of Civil Procedure 45(a)(3). The motion for issuance of subpoenas will therefore be GRANTED.

Because of outstanding discovery and other issues, the Court finds that Plaintiff has also shown good cause to continue the currently trial setting and attendant deadlines. Plaintiff's motion for continuance will therefore also be GRANTED, and an amended scheduling order will be entered.

Additionally, if any Defendant—or defense counsel—has any of the documents requested by the subpoenas currently in his or her possession, he or she is ORDERED to immediately produce it to Plaintiff's counsel or risk future sanction.

### VI. Plaintiff's third motion to compel (Doc. 123)

Plaintiff moves the Court to compel the represented Defendants to produce requested documents; to impose sanctions for failure to comply with prior document demands; and for appropriate relief regarding documents improperly taken from Plaintiff's private records. Defendants have not filed a response.

Many of the requested documents have been outstanding for over a year and were the subject of a previous motion to compel filed by Plaintiff on July 20, 2015 (Doc. 75). In response to that motion, the represented Defendants stated that Defendant Johnnie Copeland was attempting to secure certain information requested by Plaintiff in March of 2015 but had been unable to do so as of the time of the filing of that response on August 10, 2015 (Doc. 85). On September 22, 2015, the Court held a hearing at which it addressed, in part, Plaintiff's motion to compel. Defense counsel

represented at the hearing that Plaintiff had just recently (i.e. a few days before the hearing as well as the morning of the hearing) been provided with additional documents responsive to her requests. Defense counsel represented that he believed the responses were complete and that no action on the motion to compel was therefore necessary. (Doc. 99, pp. 1-2). The Court therefore denied Plaintiff's motion to compel as moot without prejudice to Plaintiff being able to renew her motion after having an opportunity to review the documents produced by Defendants. *Id.* at p. 2. It now appears that, despite defense counsel's representations at the hearing, and despite admonitions by the Court to cooperate with discovery, Defendants have still failed to produce documents requested by Plaintiff. The represented Defendants have failed to respond to the current motion to compel to give any explanation for their continued recalcitrance. Plaintiff's motion to compel will therefore be GRANTED in full.

Plaintiff's motion also identifies other requests for production made by Plaintiff's counsel after he entered his appearance, with many of those requests being necessitated by information and disclosures only recently received from Defendants or defense counsel. Plaintiff's counsel requested production of numerous documents in early March of this year (Doc. 123-2), to include some documents that had been previously requested by Plaintiff but not received. Despite counsel's request, the documents have yet to be produced. In addition to again directing the represented Defendants to produce documents previously requested by Plaintiff, the represented Defendants will also be directed to produce all documents requested by Plaintiff's counsel in March of this year.

Absent certain exceptions, after granting a motion to compel, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in

making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Plaintiff is directed to file an affidavit documenting her expenses and fees incurred in bringing the instant motion by May 9, 2016. The represented Defendants and defense counsel will be given 7 days after any affidavit is filed to file any objections.

<u>Furthermore, defense counsel and the represented Defendants are advised that failure to produce the requested documents by the deadline set by the Court will result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), which may include allowing an adverse inference, rendering a default judgment against the represented Defendants, or holding defense counsel or any non-compliant Defendant in contempt of Court</u>.

Plaintiff's motion also raises concerns about certain documents listed by the represented Defendants in their pre-trial disclosure sheet (Doc. 115) that appear to be Plaintiff's private records, including Plaintiff's checking account records for 2006 and 2007 and Plaintiff's income tax records for 2001-2007. Plaintiff avers that she never gave any Defendant or defense counsel authority to obtain these records and that, furthermore, a state-court judge ordered Ms. Copeland to return Plaintiff's private records to her. Defense counsel will therefore be ordered to file a sworn affidavit enumerating any private records of Plaintiff's he or the Defendants he represents have in their possession or control and explaining how each record came into his possession. After the Court has an opportunity to review this affidavit, it will determine whether to order return of the records to Plaintiff as well as what other sanctions might be appropriate.

### VII. Conclusion

For the reasons set forth above IT IS ORDERED that Defendants' second motion for summary judgment (Doc. 100) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion "to either declare trust invalid or responsible for decedent's personal debts or else to stay proceeding while estate is either probated or administered" (Doc. 104) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion to strike (Doc. 109) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to amend complaint (Doc. 121) is GRANTED.  Plaintiff is directed to immediately file her amended complaint.  Defendants will have ten days thereafter to respond.

IT IS FURTHER ORDERED that Plaintiff's motion for issuance of subpoenas and for continuance (Doc. 122) is GRANTED.  The Clerk is directed to issue the subpoenas attached as exhibits 4-7 to Plaintiff's motion (Doc. 122).  An amended scheduling order will be entered setting a new date for trial and attendant deadlines.  The entry of an amended scheduling order will also resolve Plaintiff's application to adjourn the trial date (Doc. 124).

IT IS FURTHER ORDERED that Plaintiff's third motion to compel (Doc. 123) is GRANTED.  The represented Defendants are ORDERED to produce to Plaintiff's counsel ALL documents set out in Document 123-4 by no later than May 17, 2016.[3]  Plaintiff is directed to file an affidavit setting out her expenses and costs incurred in bringing the motion by May 9, 2016.  The represented Defendants will have 7 days after the filing of an affidavit to file any objections.

---

[3] Defendants are strongly encouraged to produce documents prior to this date.  The Court sets this date as the deadline, however, as it understands that Plaintiff's counsel will be present in Mountain Home the week of May 16, and his presence may facilitate the production of documents.

IT IS FURTHER ORDERED that Mr. Chism file an affidavit by May 9, 2016, enumerating any private records of Plaintiff's he or the Defendants he represents have in their possession or control and explaining how each record came into his possession.

IT IS FURTHER ORDERED that Mr. Chism show cause, by May 9, 2016, as to why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 16(f)(C) for failing, on numerous occasions, to follow this Court's orders regarding ensuring service of all filings on Plaintiff.  Failure to ensure proper and timely service of documents, as well as to generally cooperate in litigation of this case (despite various prompts by the Court), has caused this case to be unduly delayed and has resulted in the unnecessary expenditure of time and resources of both the parties and the Court.  Sanctions that may be imposed by the Court are enumerated in Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii).

IT IS SO ORDERED this 27th day of April, 2016.


/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE