IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHERIESE KIDDIE                                                                                    PLAINTIFF

v.                                              No. 3:13-CV-03030

JOHNNIE COPELAND; MERIDEE
KAISER; and ADRIAN WOODBURY, as
administrator for the estate of George Kipp
Woodbury                                                                                          DEFENDANTS

## OPINION AND ORDER

On May 16, 2017, the Court entered an opinion and order (Doc. 200) granting summary judgment to Defendants on Plaintiff Cheriese Kiddie's claim for declaratory relief challenging George Woodbury's capacity under Arkansas law to execute a trust in November and December of 2010. The Court further noted that summary judgment for Defendants appeared to be proper on the remaining claims, and ordered Kiddie to show cause why it should not be entered. Kiddie filed responsive documents (Docs. 201–203), Defendant Johnnie Copeland filed documents in reply (Docs. 204 and 205). Despite the Court's admonition that "[n]o additional briefing will be permitted without leave of Court" (Doc. 200, p. 10), Kiddie filed a surreply (Doc. 206). The Court has not considered that document. For the reasons in this opinion and order and in the Court's prior opinion and order (Doc. 200), summary judgment will be entered for Defendants.

In explaining that summary judgment for Defendants appears proper, the Court identified the avenues of relief Kiddie requests in her amended complaint (Doc. 181, pp. 23–33). Kiddie's response attempts to recharacterize some of those avenues of relief, but "[a] party cannot assert a new theory of his case in defending a summary judgment motion or expand a claim to create a material issue of fact where none existed before." *Woods v. Wills*, 400 F. Supp. 2d 1145, 1184 (E.D. Mo. 2005). The Court will rule on Kiddie's claims for relief as they are set forth in her

complaint and in the Court's order to show cause.

Having reviewed the facts in a light most favorable to Kiddie, the Court finds no genuine dispute of material fact. "As to materiality, the substantive law will identify which facts are material. Only disputes *over facts that might affect the outcome* of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (emphasis added).

Kiddie seeks a declaratory judgment that Copeland was grossly negligent in her preparation of the November 2010 and December 2010 trust documents, and therefore committed legal malpractice. On the undisputed facts, Kiddie was not in privity of contract with Copeland, who was hired by George Woodbury to amend his trust documents. Furthermore, Kiddie has not stated a claim for fraud or intentional misrepresentation against Copeland. Confronted with the plain language of Ark. Code Ann. § 16-22-310, the lawyer immunity statute, Kiddie has failed to show cause why Copeland should not have summary judgment on this claim, and it will be dismissed.

Kiddie seeks a declaratory judgment that the November 2010 trust is void as incomprehensible and misleading. There is no evidence of duress or material misrepresentation. As stated in the order to show cause, either the December 2010 amendments would clarify ambiguity and, with the November 2010 documents, would have created the trust, or the December 2010 amendments would provide clear and convincing evidence of the supposedly-ambiguous intended terms of the November 2010 trust and the Court would reform the trust to give effect to those terms. In either case, judgment against Kiddie is proper on this claim, and it will be dismissed.

Kiddie asserts a breach of contract claim premised on George Woodbury's contract with her to leave her his house and 40 acres of land upon his death if she would live in the cottage on

that land and operate his farm. This claim must fail because the purported contract is not in writing. Under Arkansas law a contract concerning the means by which one party's property is to be divided upon death must be in writing in order to be enforceable. Ark. Code Ann. § 28-24-101(b). This is not merely a statute of frauds, even though it does serve an evidentiary purpose of proving testamentary intent in those cases where, as here, one party to the contract is deceased. The writing requirement also serves the same ritual function that is served by requiring a will to be in writing. It impresses upon the parties the importance and finality of the decision. *See* Ashbel G. Gulliver and Catherine J. Tilson, *Classification of Gratuitous Transfers*, 51 Yale Law Journal 1, 5–6 (1941) ("Compliance with the total combination of requirements for the execution of formal attested wills has a marked ritual value, since the general ceremonial precludes the possibility that the testator was acting in a casual or haphazard fashion."). On this claim, Kiddie's only avenue of relief is an action for unjust enrichment. Recovery on a theory of unjust enrichment lies in equity. *Frigillana v. Frigillana*, 266 Ark. 296, 305 (1979). Whether or not it may be had is committed to the discretion of the Court. *Id.* at 306. In Arkansas, courts typically do not allow recovery for unjust enrichment where a plaintiff has received reasonable value for services performed, even if the plaintiff expected more. *See Purser v. Kerr*, 21 Ark. App. 233, 237 (1987) (affirming denial of restitution to a plaintiff who worked for a defendant without monetary compensation for 34 years expecting to take property as the defendant's heir because during that period the plaintiff was able to live in homes provided by the defendant). Here, Kiddie lived on George Woodbury's property during the entire time she was performing services for him, and George Woodbury provided funds for Kiddie to renovate the cottage in which she stayed. No recovery can be had on a theory of unjust enrichment. Judgment against Kiddie is proper on this claim, and it will be dismissed.

Kiddie seeks a declaratory judgment that George Woodbury could not transfer assets out

of the 1978 trust he and Carolyn created, and which he modified to include Kiddie during April 2010. As the Court's previous order explained, either the 1978 trust was revocable, in which case George could again change its terms after April 2010, or the 1978 trust was irrevocable, in which case George could not have changed its terms in April 2010 to include Kiddie. In either case, a declaration would not entitle Kiddie to any relief, judgment against her is proper, and this claim will be dismissed.

Kiddie claims relief for violation of a state court order and improper eviction procedures, and requests a finding that title to vehicles owned by her and George Woodbury should have passed to her upon George's death. The Court finds that because resolution of these disputes would require adjudication of the property rights of the estate of George Woodbury, the matter is excepted from federal jurisdiction. *Markham v. Allen*, 326 U.S. 490, 494 (1946).

Finally, Kiddie asks for an adjudication that the trust beneficiary Defendants return all assets to the trust, and that Defendant Johnnie Copeland return any fees related to her trust preparation and administration. Because Kiddie is not entitled to judgment on any of the preceding claims, judgment against her is proper on this claim, and it will be dismissed.

IT IS THEREFORE ORDERED that summary judgment is GRANTED for Defendants. Plaintiff's claims against Defendants relating to eviction and title to vehicles are DISMISSED WITHOUT PREJUDICE. All other claims are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 28th day of July, 2017.

*/s/ P. K. Holmes,* III
      P.K. HOLMES, III
      CHIEF U.S. DISTRICT JUDGE