UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHERIESE KIDDIE                                                                                    PLAINTIFF

v.                                      No. 3:13-CV-03030

JOHNNIE COPELAND, et al.                                                                    DEFENDANTS

## OPINION AND ORDER

Plaintiff Cheriese Kiddie proceeds against Defendants Johnnie Copeland, Meridee Kaiser, and Adrian Woodbury[1] in connection with property once owned by George Woodbury, her deceased grandfather. Following a bench trial (Doc. 199), the Court entered an opinion and order (Doc. 200) granting judgment in favor of Defendants on Plaintiff's claims for declaratory relief premised on her allegations that George Woodbury lacked capacity to execute a trust and directing Plaintiff to show cause why Defendants should not have summary judgment on her remaining claims. Following briefing, the Court entered summary judgment (Doc. 207) for Defendants, and Plaintiff appealed. The Court of Appeals found "no genuine issue of fact on most of the claims" and affirmed this Court's decision on those claims. (Doc. 213-1, p. 1). However, the Court of Appeals explained that the probate exception to federal subject matter jurisdiction does not apply to Plaintiff's claims "against a person for their conduct with property that ultimately became estate property." *Id.*, p. 3. The Court of Appeals held that this Court "erred in declining to rule on the vehicles issue." *Id*. "Kiddie's vehicle claim encompasses pre-existing ownership of the vehicles, not distribution of assets." *Id*. The Court of Appeals reversed and remanded for further proceedings. *Id.*

---

[1] Plaintiff also named other Defendants in her complaints, but her claims against those Defendants were either dismissed or Defendants still present were substituted in as the proper parties.

1

Plaintiff requests a finding that title to certain vehicles owned by her and George Woodbury should have passed to her upon George's death. In particular, Plaintiff's final amended complaint requests that:

> The following should be determined as a matter of law without need to proceed to a jury trial.
>
> I. ANY VEHICLES REGISTERED IN OR PERSONAL PROPERTY HELD IN THE JOINT NAMES OF PLAINTIFF AND [George Woodbury] BECAME THE SOLE PROPERTY OF PLAINTIFF UPON THE DEATH OF [George Woodbury], AND ADJUDGING ANY SUCH PROPERTY OR THE PROCEEDS THEREOF BE RETURNED TO PLAINTIFF BY THE PERSONS HOLDING OR RECEIVING THEM.

(Doc. 181, p. 25). Plaintiff is correct with respect to this finding of law. *See Gladson v. Gladson*, 800 S.W.2d 709, 710 (Ark. 1990) ("[A] devise by a joint tenant, who is survived by other joint tenants, is not effective to pass any title to the real estate in joint tenancy for the reason that the title passes by operation of law to the survivor or survivors. Such a rule applies in full measure to personal property. In sum, title to property held in joint tenancy takes precedence over the claim of a devisee, legatee or heir, as the case may be." (citations omitted)). Any vehicles or personal property co-owned by Plaintiff and George Woodbury at the time of his death became solely Plaintiff's, and she is entitled to the proceeds of any sale of that property.

That being the law, the Court must apply it to the facts. In addition to the findings of fact (Doc. 200, pp. 1–3) the Court made following the bench trial, the Court finds the following facts to be established from the record by a preponderance of the evidence:

• At the time of George Woodbury's death, he owned a 2002 trailer, VIN 4G7US10132T000566, registered with Arkansas license plate number AA15221. (Doc. 86-3, p. 1). He also owned a white 1996 Dodge Ram Van, VIN 2B6KB31Y5TK119498, registered with Arkansas license plate number 490PKM. (Doc. 86-3, p. 2). He also owned a white

2009 Chevrolet Silverado 1500, VIN 1GCEC14X59Z204070, registered with Arkansas license plate number 448OEF. (Doc. 86-3, p. 3). He also owned a Kubota L3400145T tractor. (Doc. 31-14, p. 1).

• Plaintiff Cheriese Kiddie was co-owner of those vehicles and the tractor, according to the title or bill of sale for each. (Docs. 31-14, p. 1; 86-3).

• Following George's death, Johnnie Copeland exercised full control over what had been George Woodbury's property, and transferred it to others in accordance with his trust. The tractor sold at auction for $13,600. (Doc. 98, p. 4). The van sold at auction for $5,600. (Doc. 98, p. 5). The trailer sold at auction for $415. (Doc. 98, p. 1). The pickup had a market value of $10,000 at the time and place of George Woodbury's death.[2]

• Those Defendants, and anyone else, receiving property as a result of the distribution of trust assets had a good faith belief that they were then entitled to full ownership of that property.

Applying Arkansas law to these facts, the Court finds that no reasonable juror would disagree that when Defendant Johnnie Copeland treated the tractor, trailer, van, and pickup—items that became the sole property of Plaintiff Cheriese Kiddie upon the death of George Woodbury—as trust property and distributed it or had it sold at auction, she committed the tort of conversion. *See Hatchell v. Wren*, 211 S.W.3d 516, 521 (Ark. 2005) ("If the defendant exercises control over the goods in exclusion or defiance of the owner's rights, it is a conversion, whether it is for the defendant's own use or another's use. The proper measure of damages for conversion of property

---

[2] This value is derived from a review of quarterly editions of the Kelley Blue Book from time periods proximate to the date of George Woodbury's death. The Court takes judicial notice of the means by which Kelley Blue Book values are determined. *See* https://www.kbb.com/articles/car-advice/what-are-kelley-blue-book-values/. The Court takes further judicial notice that the Kelley Blue Book is customarily used in this geographic region to determine the value of a vehicle at time of sale. The Court finds that no reasonable juror would value the truck at a greater or lesser value than $10,000 at the time that George Woodbury died.

is the market value of the property at the time and place of the conversion." (citation omitted)). Because the other Defendants took in good faith under what they believed to be a valid trust or through what they believed to be valid sales, no reasonable juror would find that any of those Defendants was unjustly enriched by distribution of assets to them, or converted the property.

Accordingly, judgment must be entered for Cheriese Kiddie against Johnnie Copeland for the tort of conversion, in the amount of $29,615, representing the value of the tractor, trailer, and vehicles converted at the time of George Woodbury's death. Plaintiff Kiddie is also entitled under Arkansas law to prejudgment interest on the value of converted property. *Dugal Logging, Inc. v. Ark. Pulpwood Co.*, 988 S.W.2d 25, 31 (Ark. App. 1999) (finding prejudgment interest appropriate in conversion case). Despite constitutional amendments affecting the basis for awarding and calculating prejudgment interest, in Arkansas tort cases it appears to remain simple interest that accrues at the rate of 6% per year. *See* Howard W. Brill, 1 Arkansas Law of Damages § 10:4 (Nov. 2019 updates) (reviewing Arkansas case law on availability and rate of prejudgment interest). Six percent of $29,615 is $1,776.90 per year, or $148.08 per month. A total of 7 years and 10 months have passed between the conversion and entry of judgment, amounting to $13,919.10.

Plaintiff is entitled to postjudgment interest at the federal statutory rate.

IT IS THEREFORE ORDERED that judgment will be entered separately for Plaintiff Cheriese Kiddie on her claim of conversion against Johnnie Copeland in the amount of $43,534.10. Plaintiff's remaining claims will be dismissed with prejudice.

IT IS SO ORDERED this 20th day of December, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE