UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHERIESE KIDDIE                                                                                    PLAINTIFF

v.                                              No. 3:13-CV-03030

JOHNNIE COPELAND et al.                                                                DEFENDANTS

## OPINION AND ORDER

Through counsel, Defendant Johnnie Copeland filed a motion (Doc. 220) to reconsider the denial of her previous motion to alter or amend the judgment. The Court construes this as a motion seeking relief from a prior order pursuant to Federal Rule of Civil Procedure 60(b). *See Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017). The precedent cited in support of the pending motion (which unfortunately was not provided to the Court in the initial Rule 59 and 60 motion, the denial of which is the subject of the instant motion) clearly supports Defendant's position on the controlling legal issue remaining on the case as remanded to this Court. Arkansas title to vehicles, tractors, and trailers can be held by owners in the alternative, such that transfer by one can unilaterally divest another of ownership rights to that personalty. *See, e.g.*, *Warren v. Warren*, 623 S.W.2d 813 (Ark. 1981) (recognizing that title to motor vehicles may be held in the alternative); *Criner v. Reddell*, 2011 Ark. App. 661 (Ark. Ct. App. 2011) (recognizing that title to trailers may be held in the alternative). This precedent was absent from Defendant's first motion, and instead her counsel cited cases regarding negotiable instruments. Had defense counsel provided this essential legal authority earlier, the Court's own unsuccessful search for these on-point cases, and what appears to have been its subsequent legal error, would have been avoided.

With respect to the instant motion, it is not an abuse of discretion for a court to deny a Rule 60(b) motion that is essentially a reargument on the merits of an earlier motion. *Arnold v. Wood*,

1

238 F.3d 992, 998 (8th Cir. 2001). Nor is "an attorney's ignorance or carelessness . . . cognizable under Rule 60(b)." *Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001). The Court has broad discretion in ruling on Rule 60(b) motions and will only be reversed on a showing of clear abuse of that discretion—such as when the Court makes an error of law, which is necessarily an abuse of discretion. *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018). That is, while it would have been well within the Court's discretion to deny the instant motion as reargument on the merits of the previous motion necessitated in part by the carelessness of Defendant Copeland's attorneys, it appeared to be an abuse of the Court's discretion and reversible error to deny Defendant Copeland's previous motion. If nothing else, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Accordingly, unless Plaintiff Cheriese Kiddie were to have filed a response showing that Arkansas has abandoned the law cited by Defendant, the Court had intended to grant the relief Defendant Copeland sought on the instant motion and to enter judgment in her favor.

Defendant's impatience has made that approach impossible. While the Court was waiting for the instant motion to become ripe, either when Plaintiff Cheriese Kiddie filed a response or when she missed her deadline to do so, Defendant Johnnie Copeland entered an appearance to represent herself and filed a notice of appeal[1] of the Court's prior order—the order the instant motion asked the Court to reconsider. A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the

---

[1] Defendant Copeland's first notice of appeal indicated that she was appealing to the Arkansas Court of Appeals, and it was this Court's intent to disregard that filing. The Arkansas Court of Appeals has no jurisdiction to take appeals from this Court's decisions, and that notice of appeal did not meet the requirements of Federal Rule of Appellate Procedure 3. Defendant Copeland's amended notice appears to have cured this deficiency.

2

appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

Because Defendant Copeland has filed a notice of appeal depriving the Court of the jurisdiction necessary to give her the relief she sought on the instant motion, the motion (Doc. 220) must be DENIED.

IT IS SO ORDERED this 19th day of March, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE